UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERALD JENKINS,

    Plaintiff,

v.                                              Case No. 3:20cv192-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Jerald Jenkins, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Doc 1). The complaint is now before the Court for preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2)(b). For the reasons which follow, the undersigned respectfully recommends that this action be dismissed as malicious for abuse of the judicial process. Specifically, Plaintiff failed to disclose a prior case he had filed and which had been dismissed prior to service.

    The complaint was filed on the Court's official form. At the end of the complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE

TRUE AND CORRECT." ECF Doc. 1 at 7. Despite that declaration, Plaintiff made false representations on the complaint form.

Section IV. of the civil rights complaint form, titled Previous Lawsuits, asks: "C. Have you initiated other actions… in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 4. The form requires Plaintiff to identify and describe any cases responsive to the questions. Plaintiff answered "No" to both questions.

Thus, Jenkins swore that, at the time he filed his amended complaint on January 13, 2020, he had not filed any federal case related to the fact or manner of his incarceration and had not had any federal case dismissed as frivolous, malicious, failing to state a claim, or before service. Plaintiff's representations to the Court, however, were not truthful or accurate.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect

the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation in this case, the undersigned discovered that in his application to proceed *in forma pauperis* in the instant case, Jenkins's account statement indicates that his full name is "Jerald Dirk Jenkins." The Court also determined that a case filed by a "Jerald D Jenkins" challenged prison conditions and was dismissed prior to service in the Northern District: 3:14-cv-8–RV-CJK, *Jenkins v. King*. In that action, the plaintiff identified himself as Jerald D. Jenkins, FDOC # 127574 at Holmes CI. The FDOC website identifies prisoner # 127574 as having the alias "Jerald Dirk Jenkins."[1] It is apparent, therefore, that Jenkins filed both actions and did not disclose the prior federal action on this Court's complaint form, despite the complaint form's clear instructions.[2]

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not

---

[1] http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=127574&TypeSearch=IR

[2] The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF Doc 1 at 3.

Case No. 3:20cv192-LC-HTC

tolerate false responses or statements in any pleading or motion filed before it. If Jenkins suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Jenkins's false responses to go unpunished.

An appropriate sanction for Jenkins's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) as malicious for Jenkin's abuse of the judicial process.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 18th day of February, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv192-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:20cv192-LC-HTC